IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00417-CV

 

KAREN HALL,

                                                                                    Appellant

 v.

 

cITY OF bRYAN, Texas ,

                                                                                    Appellee

 

 



From the 272nd
District Court

Brazos County, Texas

Trial Court No. 04-002226-CV-272

 



ORDER DENYING MOTION TO DISMISS



 

            Appellant Karen
Hall appeals the trial court’s grant of the City of Bryan’s motion for summary
judgment.  On August 12, 2005, the trial court signed an Order Granting
Defendant’s Motion for Summary Judgment.  On that same day, the trial court
sent a letter stating that this Order was “necessarily interlocutory” because
two parties had intervened as pro se Intervenors-Plaintiffs and the City’s motion
appeared to have been directed only toward Hall.  The letter further stated: 
“Due process requires that the intervenors be put on notice that their claims
may be adjudicated before such an adjudication take place (particularly where
intervenors are pro se).”  The trial court then signed a final summary judgment
on August 17, 2005, ordering that “Plaintiff Karen Hall take nothing against
Defendant City of Bryan, that all claims asserted by Plaintiff are denied,” and
that it “disposes of all parties and all claims and is appealable.”  Hall filed
a motion for new trial on September 16, 2005, within thirty days of the August
17 final judgment, but not within thirty days of the August 12 order.  She
filed her notice of appeal on November 15.[1]

The City’s
motion to dismiss for want of jurisdiction asserts that because the prayer in
its summary judgment motion requested alternatively “that all relief prayed for
by Plaintiff and Intervenors be denied,” the Intervenors-Plaintiffs were on
notice that summary judgment was being sought against them as well.  But we
agree with Hall and the trial court that its August 12 order granting summary
judgment was interlocutory.  Unlike the August 17 final summary judgment,
nothing in the order’s language unequivocally expresses an intent to finally
dispose of the case.  See Lehmann v. Har-Con Corp., 39 S.W.3d 191, 200 (Tex. 2001).  The trial court’s letter confirms the absence of such intent.  




The motion
to dismiss is denied.

PER CURIAM

 

 

Before Chief
Justice Gray,

Justice
Vance, and

Justice
Reyna

(Chief Justice Gray would grant the
motion to dismiss.  The trial court’s order granted the motion for summary
judgment of Bryan.  The motion sought a judgment against the intervenors.  And
the intervenors received “due process” by having received a copy the City’s
motion.  By August 17, 2005, even the trial court did not believe the intervenors
were before him to be resolved.  The trial court’s mistaken belief that the
first judgment was interlocutory is not binding on this court if in fact it was
a final judgment.  It was.  Accordingly, I would grant the motion to dismiss
for want of jurisdiction.)

Motion denied

Order issued
and filed April 19, 2006

Do not publish









 









    [1]           A
motion for new trial must be filed within thirty days after the date that the
judgment or order complained of is signed.  Tex.
R. Civ. P. 329b(a).  A notice of appeal must be filed within thirty days
after the judgment or order, except that if any party timely files a motion for
new trial, the notice of appeal must be filed within ninety days after the
judgment or order.  See Tex. R.
App. P. 26.1(a).

 








#160;                                          TOM GRAY
                                                                   Chief Justice

Before Chief Justice Gray,
      Justice Vance, and
      Justice Reyna
Affirmed 
Opinion delivered and filed April 14, 2004
[CV06]